# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HENRY JAMES CHOICE,**

    Plaintiff,

vs.                                            Case No. 4:19cv435-RH-CAS

**MIKEAL RATHMAN, and the**
**FLORIDA STATE PRISON,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se and with in forma pauperis status, *see* ECF No. 5, initiated this case in September 6, 2019. However, Plaintiff's initial complaint was insufficient as filed. *See* ECF No. 1. Thus, Plaintiff was required to file an amended complaint if he intended to proceed with this case, and if he was able to present allegations showing that his constitutional rights had been violated. ECF No. 5.

    Plaintiff has now filed an amended complaint. ECF No. 8. The amended complaint has been reviewed to determine if it is sufficient for service. However, Plaintiff's amended complaint has not been an

improvement from the initial complaint. First, Plaintiff's amended complaint does not clearly allege a constitutional violation. Plaintiff has made only a conclusory allegation that Defendant Rathman "misused [Plaintiff's] constitutions of laws too use as a profit . . . ." ECF No. 8 at 4. That is insufficient to state a claim against the Defendant and presents no facts showing *how* the Defendant violated Plaintiff's constitutional rights.

Furthermore, Plaintiff indicates that these events happened during 2005 through 2006. ECF No. 8 at 4-5. A federal § 1983 claim must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)). That is so because '[f]ederal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983 . . . ." Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998); *see also* Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996). In Florida, that period of time is four years. Thus, because Plaintiff's claims are based on events which occurred approximately fourteen years prior to the commencement of this case, Plaintiff's claims are barred by the statute of limitations and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted and because the claims are barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on January 7, 2020.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**